**FILED**

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO          FEB **2 2** 2024

MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | **Cr. No. 22-01859-001 WJ** |
| **WILLARD DEDIOS,** | |
| Defendant. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Willard Dedios, and the Defendant's counsel, Devon Fooks:

## REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant=s attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

a.     to plead not guilty, or having already so pleaded, to persist in that plea;

b.     to have a trial by jury; and

c.     at a trial:

   1)     to confront and cross-examine adverse witnesses,

   2)     to be protected from compelled self-incrimination,

   3)     to testify and present evidence on the Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count 2 of the indictment, charging a violation of 18 U.S.C. §§ 1153, 2242(2)(b), and 2246(2)(C), that being Sexual Abuse of an Incapacitated Person.

## SENTENCING

4.      The Defendant understands that the maximum penalty provided by law for this offense is:

      a.      imprisonment for a period of any term of years up to life;

      b.      a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

      c.      a term of supervised release of not less than 5 years up to life to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

      d.      a mandatory special penalty assessment of $100.00;

      e.      a mandatory special penalty assessment of $5,000 under the Justice for Victims of Trafficking Act (unless Defendant is found to be indigent); and

      f.      restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

2

6.       The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw the Defendant's plea of guilty.

7.       Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8.       If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1:   18 U.S.C. §§ 1153, 2242(2)(b), and 2246(2)(C), that being Sexual Abuse of an Incapacitated Person;

| | |
|---|---|
| *First*: | The defendant knowingly engaged in a sexual act with Jane Doe; |
| *Second*: | At the time of the offense, Jane Doe was incapable of appraising the nature of the conduct and was physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; |
| *Third*: | The offense took place in Indian Country; and |
| *Fourth*: | Defendant is an Indian for purposes of Federal law. |

3

## DEFENDANT=S ADMISSION OF FACTS

9.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **On or about May 26, 2022, I knowingly engaged in and attempted to engage in a sexual act with Jane Doe, while Jane Doe was physically incapable of declining participation in, and communicating unwillingness to engage in that sexual act. Specifically, I inserted a finger into Jane Doe's vagina or anus when I knew she was under the influence and asleep, passed out, or otherwise incapable of appraising the nature of the conduct and physically incapable of declining to participate or communicating unwillingness to engage in the sexual act. I also took photos which captured my acts and Jane Doe's condition.**
>
> **These events took place at my home, which is located within the exterior boundaries of the Jicarilla Apache Nation, and which is Indian Country for purposes of federal law. I am an Indian for purposes of Federal law.**

10.      By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11.      The United States and the Defendant recommend as follows:

a.    The Defendant and the United States have made an AGREEMENT
pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a
sentence within the guideline range as calculated by the Court, followed
by a two-level downward variance, is the appropriate disposition in this
case. This agreement takes into account the Defendant's acceptance of
responsibility, with no further reduction to occur. The Defendant further
recognizes that while the Defendant's attorney may have made a
prediction or estimate of the guideline range, the Defendant understands
that the Court is not bound by any such estimate or prediction. The
Defendant and the United States also agree that Defendant should
receive credit, in the form of a departure or variance under United States
Sentencing Guideline § 5G1.3, for time served in tribal custody for the
same conduct that gave rise to this matter. In the alternative, if the Court
holds that USSG § 5G1.3 does not apply, Defendant may argue for a
variance based on the time served in Tribal custody for the same conduct
that gave rise to this matter.

The remaining components of the Defendant's sentence, including but not
limited to any fine or restitution and the length and conditions of
supervised release, shall be imposed by the Court after the presentation of
evidence and/or argument by the parties.

If the Court accepts the plea agreement, it must inform the Defendant that
the agreed upon disposition will be included in the judgment, and the

Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.    The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.    The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.    Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it, as described below under the heading Violation or Rejection of Plea Agreement), the Defendant agrees that, upon the Defendant=s signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after the Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

15.     By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.

### RESTITUTION

16.     The parties agree that, as part of the Defendant=s sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim=s Restitution Act, 18 U.S.C. § 3663A if applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18 U.S.C §§ 3663 and 3664.

### FORFEITURE

17.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

18.     The Defendant voluntarily and immediately agrees to the administrative, civil, or criminal forfeiture to the United States all of the Defendant's right, title, and interest in the following assets and properties:

    a.      A BLU cellular phone, Model B140DL, bearing serial number 781154993.

7

19.     The Defendant agrees to fully assist the United States in the forfeiture of the

above-described property and to take whatever steps are necessary to pass clear title to the

United States, including but not limited to execution of any documents necessary to transfer the

Defendant's interest in the above-described property to the United States.

20.     The Defendant agrees to waive the right to notice of any forfeiture proceeding

involving the above-described property.

21.     The Defendant knowingly and voluntarily waives the right to a jury trial on the

forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all

constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding.

The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether

constitutional or statutory, and agrees to waive any claim or defense under the Eighth

Amendment to the United States Constitution, including any claim of excessive fine, to the

forfeiture of said property by the United States or any State or its subdivisions.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

22.     The Defendant understands that by pleading guilty, the Defendant will be required

to register as a sex offender upon the Defendant's release from prison as a condition of

supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that

independent of supervised release, the Defendant will be subject to federal and state sex offender

registration requirements, and that those requirements may apply throughout the Defendant's

life. The Defendant understands that the Defendant shall keep the Defendant's registration

current, shall notify the state sex offender registration agency or agencies of any changes to the

Defendant's name, place of residence, employment, or student status, or other relevant

information within three business days after such change. The Defendant shall comply with

requirements to periodically verify in person the Defendant's sex offender registration information. The Defendant understands that the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the Defendant resides in New Mexico following release from prison, the Defendant will be subject to the registration requirements of N.M. STAT. ANN § 29-11A-1, *et. seq*. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

23.     As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in New Mexico and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the Defendant=s registration information. The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## WAIVER OF APPEAL RIGHTS AND POST-CONVICTION RIGHTS

24.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

9

25.     The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range.

26.     The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

27.     In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

28.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a.     Following sentencing, the United States will move to dismiss Count 1 of the Indictment.

    b.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

29.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

30.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set

forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OR REJECTION OF PLEA AGREEMENT

31.     The Defendant agrees that if the Court finds that the Defendant has violated any provision of this agreement, the United States may declare this agreement null and void. In such a case, or where the Court has rejected the plea agreement or has functionally rejected it by failing to accept the agreement within six months of its entry (except where the United States, in its sole discretion, agrees to an extension of that time) the United States is released from its obligations under the plea agreement and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

32.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

33.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this _22nd_ day of _FEBRUARY_, 2024.

ALEXANDER M.M. UBALLEZ
United States Attorney


_____
ALEXANDER F. FLORES
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

12

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
DEVON FOOKS
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
WILLARD DEDIOS
Defendant